## SCHLATTER v. McCARTHY et al.

No. 7073.   Decided October 20, 1948.   (198 P. 2d 573.)

See 5 C. J. S., Appeal and Error, sec. 1567; 3 Am. Jur. 512.

For former opinion, see 113 Utah 543, 196 P. 2d 968.

*Farnsworth & Van Cott, Dennis McCarthy* and *Grant H. Bagley,* all of Salt Lake City, for appellants.

*Rawlings, Wallace & Black, Wayne L. Black, Parnell Black* and *Brigham E. Roberts,* all of Salt Lake City, for respondent.

WOLFE, Justice.

Appellants petition for rehearing on the grounds that this court failed to decide the contention principally advanced by appellant, viz. that the verdict was contrary to law because the jury found that plaintiff was permanently and totally disabled.. Appellants assert that since the general verdict was in the sum of $41,212.44, which was the present value of $300 per month discounted at 2½% for plaintiff's full life expectancy of 13.47 years, that it must

be regarded as an award for total and permanent disability, and that such an award is unsupported by the evidence and contrary to the instructions of the court, and hence cannot be permitted to stand.

Although we did not expressly treat this contention in our opinion, we thought that it was implicit therein, that the proposition now relied upon by petitioners was not meritorious. Upon re-examining our opinion, we find that the implications are not as broad as we assumed them to be, and so that counsel and the bench and bar may be more fully apprised of our reasons for holding petitioner's position to be without merit, we set forth here the reasons for so ruling.

The fallacy of their argument is that petitioners assume that the entire amount of the verdict was for loss of earning capacity, and that the jury made no award for pain and suffering. There is no basis for such an assumption in view of the extensive and uncontradicted evidence as to the pain and suffering endured by plaintiff over a long period of time. We cannot know, and we are not at liberty to speculate as to what reasoning prompted the jury to use the base figure of $300 per month in determining what the award for general damages should be. We most certainly cannot presume that the jury ignored completely the extensive evidence of pain and suffering, and that it made an award for loss in earning capacity far in excess of what the evidence showed the loss in earning capacity to be. We must presume, in the absence of any clear showing to the contrary, that the jury acted in accordance with its sworn duty, and that a substantial portion of the general verdict must be allocated to pain and suffering.

Petition denied.

McDONOUGH, C. J., and WADE, and LATIMER, JJ., concur.

PRATT, J., dissents.